IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:06-127-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Johnny Lee Jivers, Jr., | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion for reduction of sentence based upon post-conviction rehabilitation. ECF No. 91. For the reasons noted below, Defendant's motion is denied for lack of jurisdiction.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on May 11, 2006, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3)

1

upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range.). None of these circumstances applies to Defendant.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant did not appeal his conviction or sentence.

Defendant's motion does not allege that any of these circumstances applies; rather, Defendant seeks reduction of his sentence based upon his efforts at post-judgment rehabilitation. The court lacks jurisdiction to modify Defendant's sentence.

Defendant's motion is denied for lack of jurisdiction.[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 6, 2012

---

[1] A previous motion for reduction of sentence based upon post-sentencing rehabilitation was denied by this court on August 8, 2012. *See* Opinion and Order (ECF No. 89).